# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL TORRES,<br><br>    Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>    Respondent. | Case No. 17cv0865 JLS (PCL)<br><br>**ORDER (1) DISMISSING CASE WITHOUT PREJUDICE, AND (2) GIVING NOTICE OF OPTIONS DUE TO FAILURE TO EXHAUST STATE COURT REMEDIES** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO SATISFY THE FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed *in forma pauperis*. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed *in forma pauperis*, the Court **DISMISSES** the case **WITHOUT PRJEUDICE**. *See* Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than July 7, 2017**, a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee.

/ / /

/ / /

/ / /

# FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES AS TO ALL CLAIMS IN THE PETITION

In addition, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. §§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. §§ 2254(b), (c); *Granberry*, 481 U.S. at 133–34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry* reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." 513 U.S. 364, 365–66 (1995) (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Of the five claims presented in the Petition, Petitioner indicates he has presented claims one, two, and three to the California Supreme Court, but has not indicated that he presented claims four and five to that court. (*See* Pet. at 20–26.) It appears, therefore, that Petitioner has filed a "mixed" petition; that is, one which presents both exhausted and unexhausted claims. In *Rose v. Lundy*, the United States Supreme Court held that a mixed petition is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but that a petitioner must be permitted an opportunity to cure that defect prior to dismissal. 455 U.S. 509, 514–20 (1982).

Having preliminarily determined the Petition contains unexhausted claims (grounds four and five) and exhausted claims (grounds one, two and three), the Court notifies Petitioner of his options.

**(i) First Option: Allege Exhaustion**

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are unexhausted. If Petitioner chooses this option, his papers are due no later than **July 7, 2017**. Respondent may file a reply by **August 7, 2017**.

**(ii) Second Option: Voluntarily Dismiss the Petition**

Petitioner may voluntarily dismiss his entire federal petition and return to state court to exhaust any unexhausted claim(s). He may thereafter file a new federal petition in this Court containing only exhausted claims. *See Rose*, 455 U.S. at 520–21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this option, he must file a pleading with this Court no later than **July 7, 2017**. Respondent may file a reply by **August 7, 2017**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed state habeas corpus

---

[1] 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended* 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

### (iii) Third Option: Formally Abandon Unexhausted Claim(s)

Petitioner may formally abandon his unexhausted claim(s) and proceed with his exhausted one(s). *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this option, he must file a pleading with this Court no later than **July 7, 2017**. Respondent may file a reply by **August 7, 2017**.

Petitioner is cautioned that once he abandons his unexhausted claim(s), he may lose the ability to ever raise it/them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)–(b).[2]

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)     (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(iv) Fourth Option: File a Motion to Stay the Federal Proceedings**

Petitioner may, along with a First Amended Petition, file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). There are two methods potentially available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Webber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. *King v. Ryan*, 564 F.3d. 1133, 1135 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of limitations or "relate back" to the claim(s) in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claim(s). *King*, 564 F.3d at 1141 (quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005)).

If Petitioner choses this fourth option, he must file a pleading with this Court no later than **July 7, 2017**. Respondent may file a reply by **August 7, 2017**.

///

///

---

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

5

17cv0865 JLS (PCL)

# CONCLUSION AND ORDER

For the foregoing reasons, the Court **DISMISSES** this case **WITHOUT PREJUDICE**. If Petitioner wishes to proceed with this case, he must, **no later than July 7, 2017**: (1) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee; **AND** (2) choose one of the options outlined above. Petitioner is cautioned that if he fails to respond to this Order, the Petition will remain dismissed without prejudice.[3] *See Rose*, 455 U.S. at 522.

The Clerk of Court shall send a blank Southern District of California *In Forma Pauperis* Application to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: May 9, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[3] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1)–(2); *see also* footnote two of this Order, *supra*.