# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL TORRES,<br><br>         Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>         Respondent. | Case No. 17-CV-865 JLS (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>(ECF Nos. 1, 21) |

  Presently before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition," ECF No. 1). Also before the Court are Respondent's Response to Petition for Writ of Habeas Corpus ("Response," ECF No. 15), and Petitioner's Traverse (ECF No. 17). Magistrate Judge Peter C. Lewis has issued a Report and Recommendation ("R&R," ECF No. 21), recommending that the Court deny the Petition. Having reviewed the Parties' arguments, Magistrate Judge Lewis' R&R, and the underlying factual record, the Court **ADOPTS** Magistrate Judge Lewis' Report and Recommendation in its entirety.

/ / /

/ / /

## BACKGROUND

Magistrate Judge Lewis' R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Petition for Writ of Habeas Corpus. *See* R&R at 2–13.[1] This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## ANALYSIS

In this present case, neither Party has filed objections to Magistrate Judge Lewis' R&R. *See* R&R at 8 (objections due by July 6, 2018). Having reviewed the R&R, the Court finds that it is thorough, well-reasoned, and contains no clear error.

Petitioner argues his due process rights were violated by the trial court's admission of prior sexual offenses, the trial court's response to a jury note, trial counsel's

---

[1] Pin citations to docketed materials refer to the CM/ECF page numbers electronically stamped at the top of each page.

constitutionally ineffective assistance, and the cumulative effect of all these errors.

## I. Admission of Prior Sexual Offenses

In this case, the trial court allowed Petitioner's prior convictions to be admitted into court. Lodgment, ECF No. 16-13 at 23. Petitioner argues that the admission of his prior convictions for lewd acts with a child violated his federal due process right to a fair trial because the trial court did not consider excluding irrelevant and inflammatory details regarding the prior convictions. Pet. at 6–10. Both the trial court and the state appellate court found that the prior convictions were relevant and admissible under California Evidence Code §§ 1101, 1108, and 352. Lodgment, ECF Nos. 16-1, 16-3.

In his R&R, Magistrate Judge Lewis found that Petitioner's prior convictions were "undeniably relevant to the jury's decision as to whether he molested [the victim]" and "helped establish the necessary intent and motive to convict [him] of the crimes." R&R at 20. Magistrate Judge Lewis also found "there is no Supreme Court law which holds that character or 'propensity' evidence is inadmissible or violates due process" and that "the Supreme Court expressly reserved deciding that issue in *Estelle v. McGuire*, 502 U.S. 62, 75, n.5 (1991)." R&R at 19. Accordingly, Magistrate Judge Lewis concluded that "because there is no clearly established Supreme Court law holding the admission of propensity evidence violates due process, the state court's rejection of [Petitioner's prior convictions claim]" did not violate Petitioner's rights of due process. *Id.* at 19–20.

Petitioner does not object to Magistrate Judge Lewis's recommendation and the Court finds no clear error in the recommendation. Where Supreme Court "cases give no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law." *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (alterations in original); *see also Alberni v. McDaniel*, 458 F.3d 860, 865 (9th Cir. 2006) (denying habeas relief on claim that due process was violated by admission of evidence of defendant's past violent actions and explosive temper to show propensity due to *Estelle*'s reservation of the question whether propensity evidence violates due process). Petitioner is not entitled to federal habeas relief

on this claim and the Court therefore **ADOPTS** the R&R and **DENIES** the Petition as to this claim.

## II. Trial Court's Response to the Jury Note

Petitioner was charged with four counts of lewd and lascivious acts. The four counts are referred to as: (1) the "first time" leg-touching of the victim; (2) "last time" leg-touching; (3) "first time" stomach-touching; and (4) "last time" stomach-touching. These incidents allegedly occurred between January 1, 2011, and October 16, 2012. During jury deliberations, the jury sent out a note with two questions:

> [Question No. 1:] The charges refer to a 'first time' and 'last time.' *If the jury were to agree that one instance happened, wouldn't that also be a 'first time' and 'last time'?*
>
> [Question No. 2:] Defendant is charged with offenses [o]ccurring at Craigie Street, Jan. 1 2011 through Oct. 16, 2012. *Does that [m]ean we are not to consider [e]vents that may or may not have [o]ccurred at the Lakeside and Home Avenue addresses?*

Lodgment, ECF No. 16-13 at 45 (alterations in original).

The judge responded to the jury's questions:

1. Yes. Counts 2 and 4 refer to [e]vents alleged to have occurred at the Craigie Street address.

2. You may consider all the [e]vidence that was admitted at trial.

*Id*. at 48. The jury ultimately concluded Petitioner was guilty on all four counts; however, the state appellate court reversed counts one and three. *Id.* at 48–50.

In his R&R, Magistrate Judge Lewis noted that although the instructions regarding the dates of the incidents were conflicting, for Petitioner to be granted relief, the instructions must have caused a "substantial and injurious effect on influence in determining the jury's verdict." R&R at 2 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). The victim testified that Petitioner molested her starting in 2010 and ending in October of 2012. R&R at 24. Further, there are various pieces of evidence that

likely demonstrated to the jury at "at least one instance of touching occurred a short time before the victim reported [Petitioner]" which occurred in 2012. *Id.* at 24. Therefore, even without the confusing jury instructions, the jury would have reached a guilty verdict on counts two and four. Magistrate Judge Lewis therefore recommends denying the petition.

The Court finds no clear error in Magistrate Judge Lewis's recommendation. Although the jury instructions were confusing, the jury had sufficient evidence to reach the verdict that was upheld by the appellate court. The Court therefore **ADOPTS** the R&R and **DENIES** Petitioner's Petition as to this claim.

## III. Ineffective Assistance of Counsel

Petitioner argues his trial counsel was ineffective for two reasons: his counsel (1) should have argued for Petitioner's prior convictions to be sanitized and for the testimony about the prior convictions be restricted after the trial court denied counsel's motion to exclude the prior convictions, Pet. at 17–19, and (2) should have moved for a mistrial after a prospective juror expressed her opinions about sex offenders' recidivism rates, *id.* at 20–24.

### A. *Failure to Request that Prior Convictions be Sanitized*

Prior to trial, Petitioner's counsel filed a motion to exclude Petitioner's prior convictions. Lodgment, ECF No. 16-1 at 8–11. The trial judge ruled the prior convictions were admissible under California Evidence Code §§ 1101, 1108, and 352. Lodgment, ECF No. 16-1 at 11. Petitioner argues his counsel provided him ineffective assistance because counsel should have asked the court to sanitize Petitioner's prior convictions, exclude certain details regarding his prior convictions, and redact his interview with the police about his prior convictions. Pet. at 19.

The state appellate court disagreed with Petitioner. Lodgment, ECF No. 16-13 at 38. It held that Petitioner's counsel "made reasonable and concerted efforts to exclude the challenged evidence." *Id.* The state appellate court concluded that Petitioner's counsel had made "vigorous efforts to persuade the court during the in limine proceedings to exclude the evidence" of the prior convictions and "made additional efforts to exclude" the

5

17-CV-865 JLS (PCL)

prior convictions and "was successful in persuading the court to exclude some of it." *Id.* In his R&R, Magistrate Judge Lewis determined Petitioner had not established his trial counsel was constitutionally ineffective. R&R at 28. Petitioner does not object to Magistrate Judge Lewis's recommendation.

The Court finds no clear error in Magistrate Judge Lewis's recommendation. Petitioner has not established that trial counsel's actions were unreasonable, nor that Petitioner was prejudiced by any error. The Court therefore **ADOPTS** the R&R and **DENIES** Petitioner's Petition as to this claim.

### B. *Failure to Move for a Mistrial During Voir Dire*

During voir dire, Petitioner's counsel asked the prospective jurors if there was "anything about this case that you tell yourself, 'I can't [be fair]?'" Lodgment, ECF No. 16-13 at 40. Juror No. 90 responded she was a neuroscientist who "specializ[ed] in fear, rage, and attraction" and so had a "special expertise" that "would probably add bias to the jury." *Id.* Juror No. 90 went on to say she believed sexual offenders are "likely to repeat their behavior." *Id.* at 41. Both the prosecution and the defense moved to dismiss Juror No. 90, and the court granted the motion. *Id.*

Petitioner argues trial counsel was ineffective for not moving for a mistrial after the prospective juror expressed her opinions about sex offenders' recidivism rates. Pet. at 20–24. In support, Petitioner cites to *Mach v. Stewart*, 137 F.3d 630 (9th Cir. 1997).

In *Mach*, the defendant "was charged with sexual conduct with a minor under 14 years of age." 137 F.3d at 632. During voir dire, a prospective juror, who worked as a social worker, stated she did not believe she could be impartial because "sexual assault had been confirmed in every case in which one of her clients [had] reported such an assault." *Id.* The prospective juror stated that, as a social worker, she never "became aware of a case in which a child had lied about being sexually assaulted." *Id.* In four separate statements, she stated she had never "become aware of a case in which a child had lied about being sexually assaulted." *Id.* She stated she had "taken psychology courses and worked extensively with psychologists and psychiatrists." *Id.* Defense counsel moved for a

mistrial on the basis that the prospective juror's statements had tainted the entire juror pool. *Id.* The court denied the motion, and defendant was convicted. *Id.* The Arizona Supreme Court and the district court denied defendant's petition for review. *Id.* The Ninth Circuit, however, reversed defendant's conviction, reasoning that the nature of the prospective juror's statements, "the certainty with which they were delivered, the years of experience that led to them, and the number of times that they were repeated" could have tainted at least one juror. *Id.* at 633.

In his R&R, Magistrate Judge Lewis found that, unlike the prospective juror in *Mach*, Juror No. 90 here did not make definitive or conclusive statements that children never lie about being sexually abused or repeatedly make statements about sexual abuse. R&R at 29 (citing Lodgment, ECF No. 16-13 at 41). Juror No. 90 only stated that in her own personal opinion she "would probably add bias to the jury" because she believed sexual offenders are "likely to repeat their behavior." Lodgment, ECF No. 16-13 at 41. Magistrate Judge Lewis concluded Juror No. 90's personal beliefs and opinions likely did not taint the other prospective jurors. R&R at 29. Therefore, Petitioner's counsel did not provide ineffective assistance in not moving for a mistrial after voir dire.

Petitioner does not object to Magistrate Judge Lewis's recommendation. The Court finds no clear error in Magistrate Judge Lewis's recommendation. Petitioner has not proven his counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). The Court therefore **ADOPTS** the R&R and **DENIES** Petitioner's Petition as to this claim.

*C.     Cumulative Error*

Petitioner argues the above-enumerated errors had a cumulative effect, which violated his due process rights. The Court has found that none of Petitioner's claims amounted to errors. Because no errors occurred, cumulative error is not possible. *Hayes v. Ayers*, 632 F.3d 500, 523–24 (9th Cir. 2011).

The Court finds no clear error in Magistrate Judge Lewis's recommendation. The Court therefore **ADOPTS** the R&R and **DENIES** Petitioner's Petition as to this claim.

/ / /

# CONCLUSION

Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Lewis' Report and Recommendation (ECF No. 21); (2) and **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1).

**IT IS SO ORDERED.**

Dated: September 17, 2018

Hon. Janis L. Sammartino
United States District Judge